IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| GILBERTO T. SALDIVAR, AND § | | |
| SANDRA SALDIVAR, § | CASE NO. 11-10689 | |
| § | | |
| DEBTORS § | | |
| GILBERTO T. SALDIVAR, and § | | |
| SANDRA SALDIVAR § | | |
| PLAINTIFFS, § | | |
| § | | |
| vs. § | ADV. NO. 12-01010 | |
| § | | |
| JPMORGAN CHASE BANK, N.A., and § | | |
| DEUTSCHE BANK NATIONAL TRUST § | | |
| COMPANY § | | |
| DEFENDANTS § | | |

**JPMORGAN CHASE BANK, N.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S JOINT MOTION TO DISMISS COMPLAINT NOTICE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE

JPMorgan Chase Bank, N.A., ("Chase") and Deutsche Bank National Trust Company, file this Joint Motion to Dismiss Complaint ("Motion") regarding certain claims asserted in the

**DEFENDANTS' JOINT MOTION TO DISMISS – Page 1**

Plaintiffs' Complaint (the "Complaint") filed by Gilberto T. and Sandra Saldivar (the "Debtors" or "Plaintiffs") as follows:

## SUMMARY

Plaintiffs' Complaint contains an objection to Chase's proof of claim filed in the Plaintiffs' above referenced bankruptcy case as well as causes of action for alleged violations of the Texas Debt Collection Act ("TDCA") and the Real Estate Settlement Procedures Act ("RESPA"). The Plaintiffs' claims appear to be primarily rooted in alleged violations of the pooling and servicing agreement associated with the loan. However, the Plaintiffs are neither a party nor a third party beneficiary to the pooling and servicing agreement and therefore lack standing to challenge it.

Plaintiffs also make wholly unsupported allegations that Chase's purchase of insurance for the property securing the loan in 2010 and 2011 was improper despite the Plaintiffs' apparent admission that they failed to maintain insurance themselves because Chase allegedly received a "kickback" on its payment of premiums. It appears the only basis for this allegation is that the premiums paid by Chase are higher than the rates Plaintiffs' could obtain themselves. However, such allegations, being so generic and ill-supported, fail the plausibility test and therefore Plaintiffs' claims based upon these allegations should be dismissed.

In addition, Plaintiffs claim the Defendants misrepresented themselves to be the owners of the loan and misstated the amounts due. However, the Plaintiffs fail to identify how, when and where such alleged representations were made. Indeed, the only communication from Defendants to Plaintiffs identified in the Complaint is Chase's filing of a proof of claim in the bankruptcy case, which cannot serve as the basis for claims under the TDCA or RESPA. Plaintiffs' claims should be also dismissed because they fail to state any basis to support a claim of damages. Plaintiffs' allegations amount to no more than Defendants' participating in the

**DEFENDANTS' JOINT MOTION TO DISMISS – Page 2**

bankruptcy claim process and the Plaintiffs disputing the amount of and basis for Defendants' claim. Since Plaintiffs fail to cite any factual allegations to support anything other than a proof of claim dispute, their other causes of action should be dismissed. Accordingly, the Defendants seek dismissal of the claims for alleged violations of the TDCA and RESPA under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, an order requiring a more definite statement of Plaintiffs' claims under Rule 12(e).

## ARGUMENT AND AUTHORITIES

**Dismissal under Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion, the "court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)).

While a court must accept all of a plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id*. at 556. The factual allegations must be sufficient to

raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Twombly*, 550 U.S. at 557.

> **Plaintiffs lack standing to challenge the pooling and servicing agreement because they are not a party to it and therefore cannot base claims under the TDCA and RESPA upon alleged violations of such agreement.**

The majority of the Complaint deals with challenges to the pooling and servicing agreement ("PSA") regarding the Plaintiffs' loan. *See* Complaint pgs. 3-7. Specifically, Plaintiffs argue the assignment of the mortgage to the trust is invalid because it conflicts with the ("PSA"). In addition, Plaintiffs contend the assignment is invalid because the trust allegedly failed to qualify under the Internal Revenue Code for status as a Real Estate Mortgage Investment Conduit ("REMIC").

Courts have consistently dismissed borrowers' claims stemming from alleged violations of pooling and servicing agreements. *Bircher v. Bank of New York Mellon,* 4:12-CV-171-Y, 2012 WL 3245991, at * 6 (N.D.Tex. Aug. 09, 2012); *Metcalf v. Deutsche Bank Nat'l. Trust Co.*, No. 3:11–CV–3014–D, 2012 WL 2399369, at *2 (N.D. Tex. Jun. 26, 2012). *Id.* Specifically, courts have considered whether a borrower can state a viable claim based on the lender or mortgage servicer's alleged failure to timely assign the mortgage to the trust in accordance with a pooling and servicing agreement. *Id.* A borrower may not challenge the securitization of the loan because they cannot plead facts "that allow the court to draw the reasonable inference that they are in privity with or are third-party beneficiaries of the [pooling and servicing agreement]." *Id*. at * 4 (citing *Edwards v. Ocwen Loan Servicing, LLC*, 2012 WL 844396, at *5 (E.D. Tex. Mar.12, 2012) (holding in response to argument that defendants could not establish that valid

PSA would authorize foreclosure that, "[a]s multiple district courts have agreed, a mortgagor does not have standing to challenge [the] pooling and service agreements because the mortgagor is not a party to the ... agreements.") (collecting cases); *In re Walker*, 466 B.R. 271, 284–85 nn. 28 & 29 (Bankr. E.D. Pa. 2012) ("[A] judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA.") (collecting cases); *Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619, 625–26 (S.D. Tex. 2010)) ; *see also Bircher*, 2012 WL 3245991 at * 6.

In *Metcalf v. Deutsche Bank Nat'l. Trust Co*, Chief Judge Fitzwater also dismissed a challenge to the securitization process based on the trust's alleged failure to comply with the REMIC regulations under the Internal Revenue Code. *Metcalf* , 2012 WL 2399369 at *2. The *Metcalf* court found no support for the borrowers' argument that a trust's failure to obtain REMIC status invalidated the assignment of the mortgage to the trust. *Id*.

In this case, Plaintiffs have no basis to challenge the securitization of the loan. Plaintiffs have not (and cannot) allege they are parties to the PSA, and therefore they lack standing to challenge the assignment of the mortgage under the PSA.  In addition, the trust's alleged failure to qualify for REMIC status does not support a claim because REMIC status is irrelevant to an assignment's validity.

Plaintiffs clearly use their challenge to the validity of the assignment of the mortgage as a basis for the TCDA claim. The Plaintiffs' statement of a cause of action under the TDCA includes the allegation that "Defendants misrepresented that they owned the loan they were attempting to collect." Complaint, para. 5.2. Plaintiffs may also seek to support their RESPA

claims on the challenge to the securitization. As set forth above, to the extent Plaintiffs' TDCA or RESPA claims rely upon alleged defects in the securitization of the loan, such claims should be dismissed.

> **Plaintiffs' scant allegations of improper lender placed insurance and a miscalculation in the escrow analysis attached to the proof of claim fail to state a plausible cause of action under the TDCA or RESPA**

In order to state a claim under the TDCA, a plaintiff must set forth facts showing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See* Tex. Fin. Code §§ 392.001– 392.404. "In order to constitute a misrepresentation" under the TDCA, a debt collector "must have made a false or misleading assertion." *See Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied). The TDCA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5).

Plaintiffs allege violations of the Texas Debt Collections Act ("TDCA") without identifying which provision of Texas Finance Code § 392.301 was allegedly violated. Nonetheless, Plaintiffs claim that Defendants "misrepresented that they owned the loan they were attempting to collect" and that Defendants "misstated the amount of the debt." Complaint, para. 5.2. As set forth above, the allegation that Defendants misrepresented that they own the loan is based upon a challenge to the securitization of the loan, which Plaintiffs have no standing to maintain.

In regard to the claim that Chase improperly purchased insurance to protect the property, the Plaintiffs appear to admit that they failed to maintain proper insurance themselves and do not allege that the loan agreement prohibited Defendants from purchasing insurance. Indeed, the only stated basis for the allegation that the lender purchased insurance was improper is that those premiums are higher than the premiums Plaintiffs can obtain themselves. Plaintiffs use this fact, along with unspecified "media reports", to speculate that Chase must somehow be profiting from the purchase of hazard insurance.

But, without specific factual basis, this allegation fails to pass the plausibility test set forth by the U.S. Supreme Court in *Iqbal*. Indeed, Plaintiffs do not even state how much more expensive the lender purchased coverage allegedly is and there are a myriad of reasons why hazard insurance purchased by the mortgagee might be more expensive than that which the owner of the property can obtain. For example, since lender purchased insurance is only necessary when the owner fails to maintain his own insurance, lender placed insurance coverage must provide coverage for any occurrence of an insurable event during the gap period in which the property was uninsured. In other words, lender purchased insurance covers damage to the property that may have already happened. It is obvious that insurance which provides coverage for events that may have already occurred prior to the date of purchase of the policy would be more risky and therefore more expensive than a traditional insurance policy which only provides coverage from the date of purchase of the policy forward.

In addition, Plaintiffs fail to allege any facts such as how, when, and to whom either of the representations were allegedly made. The only communication from Defendants to Plaintiffs identified in the Complaint is the proof of claim filed by Chase in the Plaintiffs' bankruptcy case; however, the filing of a proof of claim in bankruptcy cannot give rise to a claim under the TDCA

or RESPA. *See In re Cooper*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000) (filing of a proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under that Act. (citing *Baldwin v. McCalla*, 1999 WL 284788 (N.D.Ill.1999) and *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) ("The United States Supreme Court analyzed the intersection between bankruptcy law and consumer protection legislation and concluded that the consumer law "sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy [Code].")).

Plaintiffs also fail to allege Defendants are debt collectors. To prevail under the TDCA, a plaintiff must prove that the defendant is a "debt collector." *Gomez v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0381-B, 2010 WL 2900351, at *4 (N.D. Tex. July 21, 2010).  The TDCA defines a "debt collector" as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE ANN. § 392.001(6).  Courts interpret the term "debt collector" to include both third-party debt collectors and creditors collecting their own debts.  *Gomez*, 2010 WL 2900351, at *4. Plaintiffs do not assert Defendants originated their loan. As stated in the Complaint, Plaintiffs allege the loan was originated by Long Beach Mortgage Company. Complaint, para. 3.4 and 3.5. Therefore, Defendants can only be held liable as a "debt collector" under the TDCA if they fit within the statute's definition of a "third-party debt collector."

The definition of "third-party debt collector" in the Texas Finance Code tracks the definition of "debt collector" in the Fair Debt Collection Practices Act ("FDCA"). *VanHauen v. Am. Home Mortg. Servicing, Inc.*, 4:11-CV-461, 2012 WL 874330 (E.D. Tex. Feb. 17, 2012), *report and recommendation adopted*, 4:11-CV-461, 2012 WL 874328 (E.D. Tex. Mar. 14, 2012).  Therefore, "a debt collector does not include the consumer's creditors, a mortgage

servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Id.* (citation omitted). Plaintiffs do not allege they were in default at the time the loan was assigned to Defendants.

Finally, the Plaintiffs fail to state any facts supporting a claim for damages under either the TDCA or RESPA. A plaintiff can prevail on a claim under the TDCA only if he can show the defendant engaged in any of the conduct prohibited by Sections 392.301-392.304 of the Texas Finance Code and the plaintiff incurred actual damages as a result of the prohibited conduct. *See* Tex. Fin. Code §§ 392.301-392.304, 392.403; *Naranjo v. Universal Sur. of Am.*, 679 F.Supp. 2d 787, 801 (S.D. Tex. 2010). Under Texas law, "a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [Texas Debt Collection] Act.'" *Naranjo*, 679 F.Supp.2d at 801 (citing *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 30-31 (Tex.App.—Tyler 2000, pet. denied) (citation omitted)).

Similarly, the borrower must plead and prove actual damages resulting from an alleged RESPA violation. 12 U.S.C. § 2605(f)(1)(A); *see also Caballero v. Wells Fargo Bank, N.A.*, No. 3–11–CV–1385–O–BD, 2011 WL 6039953, *2 (N.D. Tex. Jul. 25, 2011). Again, the only communication cited by Plaintiffs and the only consequence or collection action of the Defendants relating to the alleged misstatement of the amount of debt and overcharging of escrow is Chase's proof of claim filing. Plaintiffs do not allege they actually paid any allegedly misstated amounts or the amounts included in the proof of claim or that there has been any other attempt to collect an allegedly incorrect amount in any fashion other than through the filing of the proof of claim. However, again, the proof of claim filing cannot serve as the basis for such claims and provides no basis for any claim of damages. Accordingly, the TDCA and RESPA claims should be dismissed.

**Alternatively, Defendants request the Court enter an order requiring the Plaintiffs replead their claims in accordance with Rule 12(e) of the Federal Rules of Civil Procedure.**

If the Court does not dismiss Plaintiffs' Complaint, Plaintiffs should be ordered to replead.  When a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before submitting a responsive pleading.  *See* Fed. R. Civ. P. 12(e).  As demonstrated by this Motion, Defendants are forced to guess at the facts giving rise to any causes of action.  Defendants are entitled to know the factual support Plaintiffs can assert for each claim brought against them. Therefore, Plaintiffs' Complaint should be dismissed for failure to state a claim, or alternatively, Plaintiffs should be required to replead and provide Defendants with sufficient notice of the concrete causes of action asserted against them and the facts supporting each claim

WHEFORE, PREMISES CONSIDERED, Defendants request that this Court dismiss Plaintiffs' claims for violation of the Texas Debt Collection Practices Act and the Real Estate Settlement Procedures Act with prejudice, or alternatively, order Plaintiffs replead their claims, and further grant Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
Bryan Tower
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:  /s/ *Timothy A. York*
    Wm. Lance Lewis
    State Bar No. 12314560
    Timothy A. York
    State Bar No. 24035719

**Attorneys for JPMorgan Chase Bank, N.A. and Deutsche Bank National Trust Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF notification system upon all parties receiving the same, and via First Class Mail upon the following on this 18th day of October, 2012:

Michael Blanchard
The Cowen Law Group
62 E. Price Road
Brownsville, Texas 78521

    */s/ Timothy A. York*
    Timothy A. York

4836-7825-6401, v. 2

**DEFENDANTS' JOINT MOTION TO DISMISS – Page 11**